THE CITY OF ST. LOUIS v. HOWARD, *Appellant.*

Division Two, December 23, 1893.

1. St. Louis: ORDINANCE: SLAUGHTERHOUSES. An ordinance of the city of St. Louis prohibiting the erection of a slaughterhouse within three hundred feet of any dwelling house built and inhabited before such erection without permission to do so from the municipal assembly by proper ordinance is valid under the provisions of the city charter empowering the city to "provide for the erection, management and regulation of slaughterhouses, * * * to prohibit the erection of slaughterhouses within prescribed limits and to remove and regulate the same."

2. ———: ———: ———. Evidence that the accused occupied a newly built house for a slaughterhouse without proof that he built it, caused it to be built or owned it, is insufficient to authorize a conviction under an ordinance forbidding the erection of a slaughterhouse within certain limits without permission by ordinance to do so.

*Appeal from St. Louis Court of Criminal Correction.*
HON. JAMES R. CLAIBORNE, Judge.

REVERSED AND REMANDED.

*T. J. Rowe* for appellant.

(1) Ordinance section 372 is unconstitutional and void; the power to pass it is not authorized by the charter. *City v. Clemens*, 43 Mo. 404; *Farmers' Loan and Trust Company v. Carroll*, 5 Barb. 49. (2) The city failed to make a *prima facie* case against defendant; it failed to prove that defendant erected a slaughterhouse or caused one to be erected.

*W. C. Marshall* for respondent.

(1) The power of the municipal assembly to adopt section 372 is conferred by paragraph 6 of section 26 of article 3, of the city charter, and by paragraph 14 of section 26 of article 3, of said charter, and is a compliance by the municipal assembly with the requirements of section 34 of article 3, which enjoins upon it the duty of providing by ordinance for the effectual enforcement of the charter prohibition against the erection or location of a slaughterhouse within three hundred feet of a dwelling house previously built and inhabited, without the consent, in writing, of the owner and of the occupant of every such house. (2) It is a proper regulation and must be construed in connection with the provisions of section 34. The courts cannot assume that the municipal assembly will exercise any discretion in granting permission to A and refusing to B. The court must assume that the municipal assembly, when the consent is asked for the erection of a slaughterhouse, will obey the requirements of the city

charter, and compel the applicant to show that he has complied with the provisions of section 34, by procuring the consent of the owners and occupants of every house within three hundred feet of the proposed slaughterhouse. (3) This case is wholly unlike that of *Baithet v. New Orleans*, 24 Fed. Rep. 563.

SHERWOOD, J.—I. The defendant was summoned before the second district police court of St. Louis to answer to a charge of violating ordinance 372, which is as follows: "Hereafter no stone quarry shall be opened or brick kiln located, or soap factory, slaughterhouse, bone or rendering factory erected within the distance of three hundred feet of any dwelling house, built and inhabited before such opening, location or erection, without first having obtained permission so to do from the municipal assembly by proper ordinance. Any person, company of persons, firm or corporation violating any or either of the provisions of this section, shall be deemed guilty of a misdemeanor, and upon conviction thereof be fined not less than $100 nor more than $500." Rev. Ord. 1887, p. 583. And being there fined, appealed to the court of criminal correction with a like result, and has appealed here.

We see no objection to the validity of the ordinance, since it is fully authorized by the provisions of paragraph 6 of section 26 of article 3 of the charter, which authorizes the city: "To * * * provide for the erection, management and regulation of slaughterhouses, * * * prohibit the erection of * * * slaughterhouses within prescribed limits, and to remove and regulate the same." This paragraph of section 26, etc., of the charter is ample authority for passing the ordinance now under discussion, so that it is unnecessary to invoke the aid of section 34 of the same article of the charter, which declares that "no * * * slaugh-

terhouse" shall be "erected within a distance of three hundred feet of any dwelling house built and inhabited before such * * * erection, without the consent, in writing, of the owner and occupant of every such house. The assembly shall provide by ordinance, for the effectual enforcement of this section."

Taking these sections of the charter and considering them together, it is not to be taken for granted that section 34 is constitutionally invalid, but it should rather be assumed that the municipal assembly before granting permission by proper ordinance to errect a slaughterhouse, will require that proof be shown of the consent in writing of the owner and the occupant of every such house. Such favorable presumptions are constantly indulged in regarding legislative action. *State ex rel. v. Mead*, 71 Mo. *loc. cit.* 272.

The ordinance granting such permission is the only defense which can be successfully urged against a proceeding under section 372, and the burden is on a *defendant* when prosecuted under section 372, to show that he obtained the necessary license by permissive ordinance to erect such slaughterhouse. In this case, however, the city showed that no such ordinance had been passed.

II. The evidence in this case however, did not show that defendant had violated section 372, in that it failed to show that defendant erected or caused to be erected the building afterwards used as a slaughterhouse, or that he owned the lot on which it was built. The only evidence introduced showed that, immediately on completion of the building, he occupied it for the purposes of a slaughterhouse; such evidence did not make out a case against defendant and was wholly insufficient.

Therefore, judgment reversed and cause remanded. All concur.